13

United States District Court
Southern District of Texas
ENTERED
AUG 21 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
FILED
AUG 19 1998
Michael N. Milby, Clerk of Court

| | |
|---|---|
| RUBEN CRUZ GONZALES | § |
| | § |
| VS. | § CIVIL ACTION NO. B-97-190 |
| | § |
| DAVID P. APADACA, ANTONIO DE LA | § |
| CRUZ, RENE LOPEZ AND RALPH NIETO | § |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff Ruben Cruz Gonzales' ("Gonzales") Motion to Proceed *in Forma Pauperis* (Docket No. 2).

It is recommended that this case be dismissed for the reasons set forth below.

### BACKGROUND

Gonzales, who was a Texas Department of Corrections inmate, filed this 42 U.S.C. § 1983 case in the Corpus Christi Division of the Southern District of Texas. It was transferred to Brownsville by Order dated August 14, 1997. The Southern District of Texas Order concerning payment of court costs pursuant to 28 U.S.C. § 1915 (b)(1) was mailed to the *pro se* plaintiff on November 19, 1997. The Plaintiff filed a change of address notice (Docket No. 10) on December 1, 1997. A new form advising Plaintiff of his obligation to pay court costs was sent on June 15, 1998 (Docket No. 12). The Postal Service Receipt (Green Card) shows receipt on June 17, 1998. As of this date, no payment of court costs has been made. The file is unclear, but this judge infers from the change of address notice filed by Plaintiff that he is no longer incarcerated, and that the prepayment of costs provisions of 28 U.S.C. § 1915(b)(1) do not apply to him.

However, Plaintiff faces a much more serious problem. His case is frivolous and does not state a claim on which relief may be granted. His Motion to Proceed *in Forma Pauperis* should be denied, and this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

Gonzales' complaint is that the Defendants who are parole officers of the State of Texas are liable for damages because a parole violator's warrant issued in 1993, was overlooked by the state authorities several times during Gonzales' multiple arrests and convictions following its issue.

Section 1983 permits the recovery of damages for the violation of Constitutional rights committed by those acting under color of law. Gonzales' petition does not come close to making such allegations. Interpreting his complaints liberally, he argues he is entitled to damages because his parole was not revoked earlier than it was. He makes no allegation that the revocation was not proper and, in view of his frequent arrests and convictions, could not make such allegations.

The Fifth Circuit has held that § 1983 is the proper vehicle to attack unconstitutional parole procedures, *Cook v. Texas Department of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).

Gonzales has no liberty interest in parole and therefore cannot argue that the procedures involved in a parole decision are unconstitutional. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

Gonzales does not allege that the conviction underlying his parole revocation has been invalidated. Therefore he has no § 1983 action. *McGrew v. Texas Bd Of Pardons & Paroles*, 47 F.3d 158, 160-161 (5th Cir. 1995).

IT IS THEREFORE **RECOMMENDED** that Ruben Cruz Gonzales' Motion to Proceed *in Forma Pauperis* be **DENIED** and his case be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of August 1998.

  John Wm. Black
  United States Magistrate Judge